**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHN T. WEBSTER,

      Petitioner-Appellant,

v.

RANDY WORKMAN, Warden,

      Respondent-Appellee.

No. 02-6265
(D.C. No. 01-CV-1125-M)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **SEYMOUR** and **ANDERSON**, Circuit Judges, and **KANE**,[**] Senior District Judge.

      Petitioner John T. Webster, who is represented by counsel, appeals from the

district court's order adopting the magistrate judge's report and recommendation

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

denying his 28 U.S.C. § 2254 habeas petition. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

On July 21, 1995, five-year-old Tristien Hilmes died as a result of blunt force trauma to his head. Tristien lived with his mother and his stepfather, Mr. Webster. A jury convicted Mr. Webster of first degree murder (Count I) and first degree rape (Count II) in the District Court of Oklahoma County. He was sentenced to life imprisonment without the possibility of parole on Count I, and to one hundred years' imprisonment on Count II. His convictions and sentences were affirmed on direct appeal to the Oklahoma Court of Criminal Appeals.

After exhausting all of his state remedies, Mr. Webster timely filed his federal § 2254 habeas petition. In it he raised the same issues he raised in his direct appeal, and added several additional grounds for relief. Mr. Webster's petition was referred to a magistrate judge who, after thoroughly considering each of Mr. Webster's fourteen claims, recommended habeas relief be denied. The district court adopted the magistrate judge's report and recommendation and denied Mr. Webster's habeas petition. This appeal followed.

On appeal, Mr. Webster raises four issues. This court previously granted Mr. Webster a certificate of appealability as to all four.[1] He contends (1) there

---

[1] We deem abandoned the other ten issues that Mr. Webster raised in the district court.

-2-

was constitutionally insufficient evidence to show that a rape was committed, (2) there was constitutionally insufficient evidence to show that he committed or permitted child abuse murder, (3) he was denied a fair trial because the trial court would not allow him to introduce evidence that another person could have killed Tristien, and (4) he was denied his right to present a defense because the court refused to grant a continuance in order to secure the presence of expert witness Dr. Krause or, alternatively, his trial attorneys were ineffective for failing to subpoena Dr. Krause.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) governs whether Mr. Webster may obtain federal habeas relief. Under AEDPA, we cannot grant habeas relief on a claim a state court adjudicated on the merits unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1) & 2254(d)(2). Additionally, we presume state court findings are correct unless the petitioner rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Having reviewed the briefs, the record, and applicable law pursuant to the above-mentioned standard, we conclude for the reasons stated in the magistrate

judge's detailed and well-reasoned report and recommendation that Mr. Webster has not established his entitlement to habeas relief. Indeed, Mr. Webster's appellate brief ignores the standard governing whether a petitioner may obtain federal habeas relief, instead arguing the issues as though this were a direct criminal appeal. Accordingly, the district court's July 19, 2002, order adopting the magistrate judge's April 29, 2002, report and recommendation is AFFIRMED and we DENY Mr. Webster's petition.

Entered for the Court

Stephanie K. Seymour
Circuit Judge